UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBONG BASSEY OBOTETTE (OBONG),

                    Plaintiff,

                 -against-

NATIONAL FOOTBALL LEAGUE,

                    Defendant.

20-CV-0876 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated February 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts his claims using the Court's general complaint form. He checks the boxes on the form to indicate that he invokes the Court's federal question jurisdiction and diversity of citizenship jurisdiction. Where asked which of his federal constitutional or statutory rights have been violated, Plaintiff writes, "The right to run (control) and own my own business." (ECF No. 2, at 2.) In the section of the form inquiring about the citizenship of the parties for diversity purposes, Plaintiff indicates that he is a citizen of the State of Maryland, and in the space for a plaintiff who is "not lawfully admitted for permanent residence in the United States," Plaintiff indicates that he is a citizen or subject of Nigeria. (*Id.*) Plaintiff states that Defendant National Football League (NFL) is incorporated under the laws of the State of New York, and has its principal place of business in the State of Colorado. (*Id.* at 3.)

The following allegations are taken from the complaint: In 1983, when Plaintiff was five-years old, he was assaulted by gang members who mistook him for an adult. Plaintiff states, without providing additional explanation, that Pat Bowlen, the owner of the Denver Broncos football team at the time, "settled out of court by granting [Plaintiff] ownership shares" in the team. (*Id.* at 5.) Thus, since 1983, Plaintiff has been an owner of the Broncos.

Plaintiff further states,

> At that time a[n] ownership team led by Saddam Hussein wanted to buy the [NFL]. He heard what happened to me and thought to make sure to put me on his ownership team. The [sale] of the [NFL] was completed in 1987. From that time I

2

owned the NFL with one own[er]ship group and the Denver Broncos with Pat Bowlen.

(Id.)

As of 1991, Saddam Hussein "could not come back into the country, so he signed over the NFL" to Plaintiff, who then became its "owner, chairman, CEO, and COO." (*Id.* at 6.) In 2004, the "Members Board" of the NFL "filed in court to see if it was [c]onflict of [i]nterest owning the NFL and Denver Broncos." (*Id.*) Plaintiff asserts that he won that case, "but they did not file the verdict" because they said there "was no basis for the case because [Plaintiff] wasn't running the team" and they "thought it was a danger to let the public know the NFL has an owner." (*Id.*)

When Broncos owner Bowlen "was committed on the basis [that] the family said he was senile," his daughters Brittany and Beth Bowlen "signed the Denver Broncos over to" Plaintiff. (*Id.*) Plaintiff asserts that he is therefore supposed to "have complete control of the team." (*Id.*)

In the section of the complaint form asking Plaintiff to state the relief he is seeking, he writes, "I want to operate my business and recover the funds." (*Id.* at 8.) He sues the NFL.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
        New York, New York

                                              COLLEEN McMAHON
                                      Chief United States District Judge